# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| TAMMY NOBLES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION No. 4:25-cv-343 |
| | § | |
| UNITED STATES, | § | |
| | § | |
| Defendant. | § | |

## UNITED STATES' MOTION TO STAY DISCOVERY

The United States moves for an order staying all discovery pending resolution of the United States' motion to dismiss for lack of subject matter jurisdiction (ECF No. 40). Fed. R. Civ. P. 26(c). Because the United States' motion raises sovereign immunity, and discovery pending resolution of that immunity assertion would effectively deny the United States its immunity, permitting discovery would be improper. Thus, good cause, Fed. R. Civ. P. 26(c)(1), and securing "the just, speedy, and inexpensive determination" of this action, Fed. R. Civ. P. 1, warrant staying discovery. The United States respectfully requests that the Court issue a stay of discovery and vacate any scheduling order that may issue before the Court rules on the United States' motion to dismiss.

## CERTIFICATE OF CONFERENCE

Pursuant to LR7.1.D, counsel for the United States certifies that he conferred

by telephone on August 1, 2025, with counsel for the Plaintiff and that counsel cannot agree about the disposition of this motion.

## I. INTRODUCTION

The United States is immune from Plaintiff's tort claims arising out of the Department of Homeland Security's apprehension of Walter Javier Martinez ("Martinez") at the border, its transfer of Martinez to the Department of Health and Human Service's Office of Refugee Resettlement ("ORR") for detention, ORR's decision to place Martinez with an adult cousin sponsor following its determination that transfer was "in the best interest of the child," 8 U.S.C. § 1232(c)(2)(A), or Martinez's murder of Plaintiff's daughter following release from ORR custody. Because the United States is immune from Plaintiff's claims, it moved to dismiss this action for lack of subject matter jurisdiction. *See generally* Motion (ECF No. 40). That motion is fully-briefed and under submission.

The Court should stay discovery pending resolution of the United States' motion. As explained by the United States in its reply brief in support of its motion, there is no need for or basis for any jurisdictional discovery to resolve the United States' motion. Reply 11–12 (ECF No. 44). For similar reasons, there is no basis to open discovery now that the initial conference date has passed. Good cause exists to stay discovery. Fed. R. Civ. P. 26(c)(1).

/ / /

## II. ARGUMENT

This Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)). On motion and for good cause, the Court may forbid discovery and specify the time of permissible discovery. Fed. R. Civ. P. 26(c)(1). Good cause may exist when "resolving a motion to dismiss might reduce or preclude the need for discovery or when 'further discovery will impose undue burden or expense without aiding the resolution of the dispositive motions.'" *James J. Flanagan Shipping Corp. v. Port of Beaumont of Jefferson Cty.*, No. 1:20-cv-191, 2020 WL 4365595, at *1 (E.D. Tex. July 29, 2020) (quoting *Fujita*, 416 F. App'x at 402).

"The United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Sherwood*, 312 U.S. 584, 586 (1941). The FTCA is a limited waiver of sovereign immunity, *Joiner v. United States*, 955 F.3d 399, 403 (5th Cir. 2020), subject to numerous exceptions, 28 U.S.C. § 2680. But, Plaintiff bears the burden of showing that she has properly invoked that limited waiver of sovereign immunity. *Campos v. United States*, 888 F.3d 724, 731 (5th Cir. 2018).

Because the United States is immune, "[o]ne of the purposes of immunity . . . is to spare a defendant not only unwarranted liability, but unwarranted demands

customarily imposed upon those defending a long drawn out lawsuit." *McCarthy ex rel. Travis v. Hawkins*, 391 F.3d 676, 678 (5th Cir. 2004) (discussing Eleventh Amendment immunity) (citation omitted). "Thus, until the threshold immunity question is resolved, discovery generally should not be allowed." *Rouser v. Johnson*, 36 F.3d 90 (5th Cir. 1994) (citation omitted). Permitting discovery before a ruling on immunity effectively denies a defendant the benefits of the defense, most relevant of which is protection from pretrial discovery. *See Wicks v. Miss. State Emp't Servs.*, 41 F.3d 991, 994 (5th Cir. 1995) (holding that denying of a motion to stay discovery also denies the benefits of immunity).

This Court has routinely stayed or otherwise limited discovery while considering a motion that may resolve the issue on which discovery is sought. *See, e.g.*, *Cadence Bank v. Bank of Am., N.A.*, No. 4:23-cv-02959, 2023 WL 8582619, at *2 (S.D. Tex. Nov. 3, 2023), *report & recommendation adopted*, 2024 WL 345519 (S.D. Tex. Jan. 30, 2024); *Est. of Brown v. Ogletree*, No. 11-cv-1491, 2011 WL 13318529, at *2 (S.D. Tex. Dec. 15, 2011); *Rio Grande Royalty Co. v. Energy Transfer Partners, L.P.*, No. 08-cv-857, 2008 WL 8465061, at *1 (S.D. Tex. Aug. 11, 2008). The ability of this Court to stay discovery while considering a dispositive motion is thus well settled.

Resolution of the United States' motion to dismiss may obviate the need for any discovery. If the Court lacks subject matter jurisdiction it should dismiss, and

4

no discovery will occur. Thus, good cause exists to stay all discovery in this matter pending resolution of the United States' motion.

## III. CONCLUSION

The United States has raised immunity from suit as a complete defense to this action. The Court and the parties' resources are best used at this time to resolve that motion and discovery is not appropriate. The Court should therefore grant this motion in full and stay all discovery until resolution of the United States' pending motion to dismiss.

Dated: August 1, 2025

                                                  BRETT A. SHUMATE
Assistant Attorney General
Civil Division

KIRSTEN L. WILKERSON
Director, Torts Branch

 s/ Stephen R. Terrell
STEPHEN R. TERRELL (CA Bar No. 210004)
Fed. ID No. 3906717
Attorney
U.S. Department of Justice
Civil Division, Torts Branch
P.O. Box 888
Benjamin Franklin Station
Washington, D.C. 20044
Tel:  (202) 353-1651
Fax:  (202) 616-5200
Stephen.Terrell2@usdoj.gov

*Attorneys for Defendant United States of America*

## CERTIFICATE OF SERVICE

I certify that I am over the age of 18 and not a party to this action. On August 1, 2025, I uploaded the attached document to the Court's CM/ECF System which will automatically accomplish service through the Notice of Electronic Filing on the following individuals:

| | |
|---|---|
| Brian E. Claypool | Daniel L. Cox |
| The Claypool Law Firm | The Cox Law Center, LLC |
| 4 E. Holly St., Suite 201 | P.O. Box 545 |
| Pasadena, CA  91103 | Emmitsburg, MD  21727 |
| *brian@claypoollawfirm.com* | *dcox@coxlawcenter.com* |

*Counsel for plaintiff.*

Dated:	August 1, 2025

 s/ Stephen R. Terrell
STEPHEN R. TERRELL